Kenneth Januszewski
Bar No. 009482
**BURCH & CRACCHIOLO, P.A**.
1850 N. Central Avenue, Suite 1700
Phoenix, AZ 85004
Telephone: 602-234-8799
Facsimile: 602-850-9799
kenj@bcattorneys.com

*Attorneys for Plaintiff
The Charter Oak Fire Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Charter Oak Fire Insurance Company, a Connecticut insurer,<br><br>Plaintiff,<br><br>vs.<br><br>Parker-Hannifin Corporation, an Ohio Corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

The Charter Oak Fire Insurance Company (Charter Oak), through counsel, for its Complaint alleges as follows:

## I.   JURISDICTIONAL ALLEGATIONS

1. Charter Oak is, and was at all times relevant herein, a Connecticut insurer with its principal place of business in Connecticut and duly authorized to, and did, conduct the business of insurance in the State of Arizona.

2. Parker-Hannifin Corporation. (Parker) is, and was at all times relevant herein, an Ohio corporation with its principal place of business in Mayfield, Ohio and caused an event to occur in Arizona out of which this claim arose.

3. All acts of negligence/breach of duties alleged herein occurred in Maricopa County, Arizona.

4. The amount in controversy is $96,880.69.

5. This Court has diversity jurisdiction pursuant to 28 USC §1332 (a)(1).

6. Plaintiff demands the right to jury trial on all issues so triable pursuant to FRCP, Rule 38.

## II. FACTUAL ALLEGATIONS

7. At all times relevant herein, Charter Oak had in full force and effect a policy of insurance in favor of its insured, Baywood Medical Associates, Inc. (Baywood), which required Charter Oak to indemnify Baywood for damages to personal property in its leasehold located at 6309 E. Baywood Ave., Mesa, Arizona (Property) caused by the fault of third parties such as defendants.

8. Upon information and belief Parker manufactured a plastic water supply tube that was designed to carry potable water with an expected lifetime of at least ten years.

9. On or about March 8, 2021, the plastic tube, which had been manufactured with one or more inclusions in the wall of the plastic tubing, while being used under normal and expected conditions, ruptured, allowing water to freely flow from the tube at the rupture point, causing water to damage personal property of Baywood.

10. Charter Oak, pursuant to the terms of its policy with Baywood, paid for covered damages the Property incurred as required by its policy of insurance with Baywood and other damage to the personal property of Baywood and, further, Charter Oak paid Baywood any other covered loss under the policy. The policy required Charter Oak to pay $91,880.69, with Baywood having a $5,000 deductible. Charter Oak is subrogated to Baywood's interest to the extent of its payments, plus pre-judgment interest at the statutory rate.

## III. BREACH OF EXPRESS WARRANTY

11. Charter Oak incorporates by reference all prior facts and allegations as if specifically set forth herein.

12. Upon information and belief, Parker issued an express warranty to Baywood that represented and warranted that the plastic tubing was warranted to be free from dangerous defects.

13. While the plastic tube was being used under normal and expected conditions, it ruptured, allowing water to freely flow from the tube at the rupture point, causing water to damage personal property of Baywood. This constituted a breach of the express warranty and caused resultant damage to the Property.

14. Because this claim arose from contract, Parker is liable for reasonable attorneys' fees pursuant to ARS §12-341.01. Plaintiff is entitled to pre-judgment interest at the rate of 10% per annum pursuant to ARS §44-1201(A) until judgment and, thereafter, plaintiff is entitled to post-judgment interest pursuant to ARS §44-1201(B) at the then existing statutory interest rate.

### IV.   BREACH OF IMPLIED WARRANTY

15. Charter Oak incorporates by reference all prior facts and allegations as if specifically set forth herein.

16. Pursuant to an implied warranty of merchantability imposed, as a matter of law and not disclaimed, the plastic tubing was warranted to pass without objection in the trade, be of average quality and conform to promises or affirmations of facts provided.

17. While the plastic tube was being used under normal and expected conditions, it ruptured, allowing water to freely flow from the tube at the rupture point, causing water to damage personal property of Baywood. This constituted a breach of the implied warranty of merchantability and caused resultant damage to the Property. Such damages, pursuant to its policy issued to Baywood, were paid by Charter Oak. Charter Oak is subrogated to Baywood's rights to the extent of Charter Oak's payments.

18. Pursuant to an implied warranty of fitness for a particular purpose imposed as a matter of law and not disclaimed, Parker knew the purpose of the plastic tube was to convey potable water. Parker understood that Baywood relied upon Parker's skill and judgment to select and furnish an appropriate plastic tube without inclusions in the wall of the tubing. While the plastic tube was being used under normal and expected conditions, it ruptured, allowing water to freely flow from the tube at the rupture point, causing water to damage personal property of Baywood.  This constituted a breach of the implied warranty and caused resultant damage to the Property.

19. Because this claim arose from contract, Parker is liable for reasonable attorneys' fees pursuant to ARS §12-341.01. Plaintiff is entitled to pre-judgment interest at the rate of 10% per annum pursuant to ARS §44-1201(A) until judgment and, thereafter, plaintiff is entitled to post-judgment interest pursuant to ARS §44-1201(B) at the then existing statutory interest rate.

## V. PRODUCTS LIABILITY

20. Charter Oak incorporates by reference all prior facts and allegations as if specifically set forth herein.

21. As set forth above, Parker manufactured and sold a plastic tube with inclusions in the wall that created an unreasonable risk of harm to the Property and other personal property. In addition, Parker was required to inform and/or warn Baywood that the installation of the plastic tubing created an unreasonable risk of harm to the Property and other personal property.

22. Because the inclusion created an unreasonable risk of harm, while being used under normal and expected conditions, the plastic tube spontaneously and catastrophically failed.

23. The defect existed at the time the tubing was manufactured and sold by Parker.

24. The defective condition and/or failure to inform and/or warn proximately caused the plaintiff's damages.

25. Plaintiff is entitled to pre-judgment interest at the rate of 10% per annum pursuant to ARS §44-1201(A) until judgment and, thereafter, plaintiff is entitled to post-judgment interest pursuant to ARS §44-1201(B) at the then existing statutory interest rate.

### VI.   NEGLIGENCE

26. Charter Oak incorporates by reference all prior facts and allegations as if specifically set forth herein.

27. Parker had a duty to manufacture a product that was not defective and/or had a duty to warn Baywood as to the defect in the plastic tubing. Parker breached its duty to Baywood. As a direct and proximate result of Parker's negligence, the plastic tubing spontaneously and catastrophically failed, causing damage to the Property and other personal property. As a direct and proximate result of Parker's negligence, it caused damages above the jurisdictional minimum of this Court.

28. Plaintiff is entitled to pre-judgment interest at the rate of 10% per annum pursuant to ARS §44-1201(A) until judgment and, thereafter, plaintiff is entitled to post-judgment interest pursuant to ARS §44-1201(B) at the then existing statutory interest rate.

**WHEREFORE**, Charter Oak, through counsel, respectfully requests this Court to enter its judgment as follows:

1. Judgment in favor of Charter Oak, as subrogee, in the amount of its payments;

2. Judgment in favor of Charter Oak for all damages proximately caused by Parker's breach of express warranty;

3. Judgment in favor of Charter Oak for all damages proximately caused by Parker's breach of implied warranty;

4. Judgment in favor of Charter Oak for all damages proximately caused by Parker's breach of its duties under products liability law of the State of Arizona;

5. Judgment in favor of Charter Oak for all damages proximately caused by Parker's breach of the applicable standard of care and negligently causing plaintiff's damages;

6. Judgment in favor of Charter Oak for reasonable attorneys' fees pursuant to ARS §12-341.01;

7. Judgment in favor of Charter Oak for Court costs and other costs pursuant to any applicable statute or common law;

8. Judgment in favor of Charter Oak for pre-judgment and post-judgment interest at the statutory rate; and

9. Judgment in favor of Charter Oak for any other further relief the Court deems just and equitable.

**DATED** this 23rd day of March, 2022.

**BURCH & CRACCHIOLO, P.A.**

*/s/ Kenneth Januszewski*
Kenneth Januszewski
1850 N. Central Avenue, Suite 1700
Phoenix, AZ 85004
kenj@bcattorneys.com

*Attorneys for Plaintiff*
*The Charter Oak Fire Insurance Company*